IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES M. RAMEY, § | |
| (Reg. #29206-179) § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-13-0588 |
| § | |
| QUINCY L. OLLISON, *et al.*, § | |
| § | |
|     Defendants. § | |

## MEMORANDUM AND OPINION

James M. Ramey is a federal prisoner confined at the United States Penitentiary in Oakdale, Louisiana. He sued in July 2012,[1] alleging civil rights violations resulting from a denial of due process. Ramey, proceeding *pro se*, sues Quincy L. Ollison, Assistant United States Attorney for the Southern District of Texas; Kenneth Magidson, United States Attorney for the Southern District of Texas; Bryan Best, Assistant United States Attorney for the Southern District of Texas and Chief of the Criminal Division; Jim Buchanan, Assistant United States Attorney for the Southern District of Texas; Jane Doe I, United States Marshal; Alfredo Perez, United States Marshal; and ABC Insurance Companies 1-5.

The threshold issue is whether Ramey's claims should be dismissed as frivolous. The court concludes that Ramey's claims lack merit and should be dismissed for the reasons stated below.

---

[1] This civil action was transferred from the Western District of Louisiana to this court on March 5, 2013.

I.  **Plaintiff's Allegations**

Ramey explains that he was indicted on twenty-five counts of bankruptcy fraud and mail fraud. He claims that the federal prosecutors wrongfully concealed exculpatory evidence, encouraged and abetted perjured testimony against Ramey, and maliciously prosecuted Ramey. He claims that he was convicted based on this illegal evidence. Ramey alleges that on or about July 24, 2008, Defendant Ollison filed an indictment against Ramey and his daughter Yashare Kedwona Ramey, charging them with multiple counts of bankruptcy fraud, in violation of 18 U.S.C. Section 157(1); concealment of assets, in violation of 18 U.S.C, Section 152(1); false oaths, in violation of 18 U.S.C. Section 152(2); and mail fraud, in violation of 18 U.S.C. Section 1341. Ramey's daughter accepted a plea agreement for a lesser sentence with the prosecutor and agreed to testify against Ramey. Ramey opted for a jury trial. Ramey alleges that during the jury trial, Ramey's daughter, at the urging of Defendant Ollison, offered perjured testimony on more than one occasion. Defendant Ollison allegedly withheld the results of a handwriting analysis which proved that Ramey did not file the bankruptcies in question. Ramey asserts that this perjured testimony and the withholding of exculpatory evidence led to Ramey's conviction.

Ramey claims that on July 31, 2008, Defendants Jane Doe and Alfredo Perez arrived at Ramey's residence without a search or arrest warrant. Though Ramey's wife answered the door and refused them admission into the residence, both Defendant Jane Doe and Alfredo Perez entered the residence, located Ramey, and placed him under arrest.

Though Ramey does not provide a criminal action number, a review of court records shows that in Criminal Action Number 4:08-502, a jury found Ramey guilty of mail fraud and bankruptcy fraud on July 20, 2010. Ramey was sentenced to a prison term of 188 months.

Ramey seeks unspecified compensatory and punitive damages. He also seeks an injunction preventing the defendants from retaliating against him.

## II. Discussion

28 U.S.C. § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Ramey seeks both monetary and injunctive relief for improper conduct involved in or relating to his federal criminal conviction in this court. He filed a civil rights complaint and names federal

officers. A *Bivens*[2] claim is for constitutional damages caused by federal actors in their official capacities and mirrors section 1983 actions against state actors. *Izen v. Catalina*, 398 F.3d 363, 366 n.3 (5th Cir. 2005).

Ramey's claims are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the plaintiff sought damages under 42 U.S.C. § 1983, alleging that the defendants had conducted an "unlawful, unreasonable, and arbitrary investigation leading to petitioner's arrest; knowingly destroyed evidence which was exculpatory in nature and could have proved [plaintiff's] innocence; and caused an illegal and unlawful voice identification procedure to be used at [plaintiff's] trial." *Heck*, 512 U.S. at 479. The court held that the plaintiff brought the claim prematurely:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 487; *see also Simmonds v. U.S. Court of Appeals, Fifth Circuit*, 178 F. App'x 375, 376 (5th Cir. 2006) ("[Because the plaintiff's] due process claim implies the invalidity of this court's decision in the direct appeal from his criminal conviction, it is not cognizable in a civil rights action under *Heck*."). *Heck* applies equally to *Bivens* actions. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir.

---

2

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1994).

Although the Supreme Court's decision in *Heck* concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok*, 520 U.S. 641 (1997)).

Ramey's claims are clearly connected to the validity of his present confinement. *Heck*, 512 U.S. at 479; *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1997); *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Ramey alleges the defendants conspired to convict him. Court records show that on July 16, 2010, a jury in the Houston Division of the United States District Court for the Southern District of Texas found Ramey guilty of twenty-five counts of mail fraud, concealment of assets, false oaths, and bankruptcy fraud. (Criminal Action Number 4:08-CR-502-1).

Ramey has not pleaded, and the record does not show, that this conviction has been overturned, expunged, or otherwise invalidated. Court records reveal that Ramey has filed an appeal in the Fifth Circuit, which is currently pending.

Because there is no indication that Ramey's conviction or sentence has been invalidated, the court must determine "whether a judgment in [his favor] would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U.S. at 487. Ramey's claims for monetary and injunctive relief relating to the criminal trial in this court in Criminal Action Number 4:08-0502 are dismissed under *Heck*. *Penley v. Collin Cnty., Tex.*, 446 F.3d 572 (5th Cir. 2006) (holding that to the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned). Ramey's claims are "dismissed with prejudice to their being asserted again

until the *Heck* conditions are met." *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

### III. The Claim Based on Prosecutorial Misconduct

Ramey seeks damages against several federal prosecutors for their conduct in the prosecution of Criminal Action Number 4:08-502. Absolute immunity precludes his claim. Prosecutors have absolute immunity from such damages claims. *Beck v. Tex. State Bd. of Dental Examiners,* 204 F.3d 629, 637 (5th Cir. 2000)(citing *Burns v. Reed,* 500 U.S. 478, 491 (1991)). Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and in handling the case through the judicial process. *Id.* Prosecutorial immunity extends to activities "intimately associated with the judicial phase of the criminal process." *Kerr v. Lyford,* 171 F.3d 330, 336 (5th Cir. 1999)(quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). The actions Ramey complains of are related to the judicial process and were undertaken in furtherance of the attorneys' advocacy function in their representation of the government. Defendants Ollison, Magidson, Best, and Buchanan are entitled to absolute immunity from Ramey's suit, and the damages claims against them are dismissed.

### IV. The Statute of Limitations

Ramey complains of the conduct of two United States Marshals who arrested him on July 31, 2008. Federal courts may dismiss a claim filed *in forma pauperis* (IFP) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The statute mandates dismissal of a prisoner's IFP case if the complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 2001). Ramey's claim clearly arose from the events of July 31, 2008, the day he was arrested. Ramey did not file this suit until July 3, 2012, almost two years after limitations had run.

The statute of limitations bars Ramey from asserting his civil rights claims against United States Marshals Jane Doe I and Alfredo Perez. Ramey's claims are dismissed under 28 U.S.C.

§ 1915(e). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

V.  **Claims Against the Insurance Companies**

Ramey names five unidentified insurance companies as defendants, ABC Insurance companies 1-5. He claims these companies held insurance policies for some of the other named defendants. (Docket Entry No. 1, Complaint, p. 4). A cause of action under 42 U.S.C. § 1983 requires a showing that Ramey has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979).

Generally, nothing in the language of the Due Process Clause requires the state to protect the life, liberty, and property of its citizens against invasion by private actors. *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995)(citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989)). The Due Process Clause confers protection to the general public against unwarranted governmental interference, but it does not confer an entitlement to governmental aid as may be necessary to realize the advantages of liberty guaranteed by the Clause. *Walton v. Alexander*, 44 F.3d 1297, 1302 (5th Cir. 1995)(en banc).

The actions of private actors such as the five insurance companies do not constitute state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). Ramey has failed to demonstrate that he has been deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by someone acting under color of state law. Ramey's claims against the five unidentified insurance companies are DISMISSED as frivolous.

VI.  **Conclusion**

The action filed by James M. Ramey, (Reg. #02897-078), lacks an arguable basis in law. His

claims are DISMISSED with prejudice under 28 U.S.C. § 1915A. Any remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on \_\_\_April 15\_\_\_, 2013.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE